

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00142-CR
_____

DEANTE SHELLEY WILSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2128390

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

A Hopkins County jury convicted Deante Shelley Wilson of evading arrest or detention with a motor vehicle, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.04. After a bench trial on the issue of punishment, Wilson was sentenced to seven years' imprisonment and was ordered to pay a $2,000.00 fine, court costs, and $40.00 in reimbursement fees. Wilson appeals.

Wilson's attorney has filed a brief stating that she has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On April 7, 2022, counsel mailed to Wilson copies of the brief, the appellate record, and the motion to withdraw. Wilson was informed of his rights to review the record and file a pro se response. In his pro se response, Wilson mistakenly argues, among other misapplications of the law, that the trial court lacked jurisdiction over him because he is a "Moorish American National."[1]

---

[1]Courts do not recognize a right to relief based on an appellant's alleged status as a member of a Moorish National group. *See In re Wallace-El*, No. 13-18-00078-CV, 2018 WL 771935, at *1 (Tex. App.—Corpus Christi Feb. 7, 2018, orig. proceeding) (mem. op.).

We have reviewed the entire appellate record and Wilson's pro se response and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, non-reversible error is found in the inclusion of a $15.00 time payment reimbursement fee in the trial court's judgment and the bill of costs.

The Texas Court of Criminal Appeals has concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.*

This Court has the authority to modify incorrect judgments when it has the information necessary to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). Pursuant to *Dulin*, we strike the $15.00 time payment fee "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, [or] court costs," owed. *Dulin*, 620 S.W.3d at 133.

We modify the bill of costs and judgment by deleting the time payment fee and to reflect that the amount of reimbursement fees owed is $25.00. As modified, we affirm the trial court's judgment.[2]

 

 

Scott E. Stevens
Justice

Date Submitted:     May 31, 2022
Date Decided:       June 15, 2022

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P.68.4.